# IN THE COURT OF APPEALS OF IOWA

No. 20-0964
Filed November 30, 2020

**IN THE INTEREST OF A.C. and S.C.,**
**Minor Children,**

**H.L., Mother,**
      Appellant,

**R.C., Father,**
      Appellant.

_____

Appeal from the Iowa District Court for Buchanan County, Linnea M.N. Nicol, District Associate Judge.

A mother and father separately appeal the termination of their parental rights.  **AFFIRMED ON BOTH APPEALS.**

R.J. Longmuir of Peters and Longmuir, PLC, Independence, for appellant mother.

A.J. Flickinger, Independence, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Kimberly S. Lange of Juvenile Public Defender Office, Waterloo, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., May, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**GAMBLE, Senior Judge.**

A mother and biological father separately appeal from the termination of their respective parental rights to their children, A.C. and S.C.[1] The mother claims the State failed to establish statutory grounds authorizing termination, and the father argues the State did not make reasonable efforts to facilitate reunification. We affirm.

We review termination proceedings de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citing *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010)).

We generally use a three-step analysis to review the termination of parents' rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We must determine: (1) whether grounds for termination have been established, (2) whether termination is in the children's best interests, and (3) whether we should exercise any of the permissive exceptions to termination. *Id.* at 472–73. "However, if a parent does not challenge a step in our analysis, we need not address it." *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020).

Both parents' claims center on the statutory grounds authorizing termination. The juvenile court found grounds for termination under Iowa Code

---

[1] The juvenile court also terminated the legal father's parental rights, but he does not appeal.

section 232.116(1)(h) and (*l*) (2019). When, as here, the juvenile court terminates on multiple statutory grounds, we may affirm on any ground supported by the record. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We focus on section 232.116(1)(h) as to both parents. It authorizes termination when:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h).

We first address the mother's claim. She only challenges the fourth element: whether the children could be safely returned to her care. Upon review of the record, we conclude the children could not be returned to the mother's care.

The mother struggles with methamphetamine use. She tested positive for methamphetamine as recently as February 2020. And since that time, the mother missed all six drug tests offered prior to the May termination hearing. "We presume these missed drug tests would have resulted in positive tests."[2] *In re I.J.*, No. 20-0036, 2020 WL 1550702, at *2 (Iowa Ct. App. Apr. 1, 2020); *accord In re D.G.*, No. 20-0587, 2020 WL 4499773, at *4 (Iowa Ct. App. Aug. 5, 2020); *In re L.B.*, No. 17-1439, 2017 WL 6027747, at *2 (Iowa Ct. App. Nov. 22, 2017); *In re C.W.*, No. 14-1501, 2014 WL 5865351, at *2 (Iowa Ct. App. Nov. 13, 2014) ("She has missed

---

[2] We acknowledge the mother claimed she was not able to attend one of the missed drug tests because she was waylaid by a U.S. Marshall who was looking for her friend.

several drug screens, which are thus presumed 'dirty,' i.e., they would have been positive for illegal substances."). So we believe the mother's continued methamphetamine use is likely in the future, and we conclude the children could not be returned to the mother due to her drug use. *See In re L.B.*, No. 18-1017, 2018 WL 3650370, at *1 (Iowa Ct. App. Aug. 1, 2018) (collecting cases affirming termination of a parent's parental rights when the parent has a history of unresolved substance abuse). The risk of harm to the children posed by the mother's ongoing use of methamphetamine is compounded by her financial instability and her failure to consistently address her mental-health needs. *See id.* (collecting cases finding children cannot be returned to a parent due to financial instability); *In re A.W.*, No. 18-0094, 2018 WL 1182618, at *1 (Iowa Ct. App. Mar. 7, 2018) (collecting cases affirming termination of parents' parental rights when they have untreated mental-health conditions). Therefore, we conclude termination is authorized under paragraph (h) as to the mother.

The father also challenges the grounds for termination under paragraph (h), but does so by alleging the Iowa Department of Human Services (DHS) failed to make reasonable efforts toward reunification, namely DHS did not provide him gas money. As part of its ultimate proof, the State must establish it made reasonable efforts to return the children to their home. *See* Iowa Code § 232.102(9) (providing DHS must make "every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interest of the child"). "At the same time, the reasonable efforts requirement is not viewed as a strict substantive requirement of termination. Instead, the scope of the efforts by the DHS to reunify parent and child after removal impacts the burden of proving those elements of

termination which require reunification efforts." *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). The nature of the reasonable-efforts mandate is determined by the circumstances of each case. *See id.* (discussing scope of mandate).

However, parents must bring their complaints regarding reasonable efforts to the juvenile court's attention prior to the termination hearing. *See In re L.M.*, 904 N.W.2d 835, 839–40 (Iowa 2017) ("[P]arents have a responsibility to object when they claim the nature or extent of services is inadequate."); *In re C.H.*, 652 N.W.2d 144, 147 (Iowa 2002) ("If, however, a parent is not satisfied with DHS'[s] response to a request for other services, the parent must come to the court and present this challenge."); *In re O.T.*, No. 18-0837, 2018 WL 3302167, at *2 (Iowa Ct. App. July 5, 2018) ("The failure to request different or additional . . . services in the juvenile court precludes [the parent's] challenge to the services on appeal."); *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005) (stating the parent has an "obligation to demand other, different, or additional services" prior to the termination hearing or the issue is considered waived for appeal). Our review of the record reveals no motion from the father requesting additional or different services prior to the termination hearing. And during the termination hearing, the father admitted he did not raise the issue of gas cards at a prior hearing.[3] So we find his reasonable-efforts challenge waived.

Even if the father's claim was properly before this court, we find DHS made reasonable efforts toward reunification in providing transportation assistance to the father. At the termination hearing, caseworkers testified regarding what

---

[3] At the termination hearing the father complained about not receiving a "gas card" when he requested one from DHS roughly a month prior to the termination hearing.

transportation services were provided to the father.  Workers provided rides to the father for visitations, appointments, and drug testing.  And DHS provided the father with gas cards at times.  We note at one point the father requested a gas card so he could attend a mental-health counseling appointment, but a caseworker was only willing to provide a gas card after the father attended the appointment given his prior lack of participation.[4]  However, following questioning by the juvenile court, the worker conceded it would have been better practice to provide the gas card prior to the appointment.

While the father may have preferred DHS provide him with gas money in advance as opposed to providing rides when requested or gas cards after the fact, we are mindful that "the reasonable-efforts mandate does not create a menu from which discerning parents may order specific services."  *In re M.P.*, No. 19-0995, 2019 WL 5063337, at *4 (Iowa Ct. App. Oct. 9, 2019).  Ultimately, the father failed to fully avail himself of available transportation services by not requesting transportation when needed.  And his "failure to use the services provided defeats [his] reasonable-efforts claim."  *See In re C.P.*, No. 18-1536, 2018 WL 6131242, at *3 (Iowa Ct. App. Nov. 21, 2018).

Because the father brings no other challenge to statutory grounds authorizing termination under paragraph (h), we find a statutory ground authorizing termination satisfied as to the father.

And since neither parent challenges the juvenile court's best-interest determination or requests we apply a section 232.116(3) permissive factor to

---

[4] When told he would receive a gas card after the fact, the father told the worker he would secure his own transportation.

preclude termination, we do not address the remaining two steps in our process and end our analysis here. *See In re H.K.*, No. 20-0800, 2020 WL 4498156, at *2 (Iowa Ct. App. Aug. 5, 2020).

**AFFIRMED ON BOTH APPEALS.**